UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BOBBY JOE GATLIN, | ) |
|     Petitioner, | ) No. CV-10-3046-CI ) |
| v. | ) REPORT AND RECOMMENDATION FOR ) ORDER DENYING PETITIONER'S ) MOTION TO AMEND HABEAS |
| STEVE SINCLAIR, | ) PETITION WITH LEAVE TO RENEW, ) WITHIN 60 DAYS, *INTER ALIA* |
|     Respondent. | ) ) |

BEFORE THE COURT on Report and Recommendation are Petitioner's Motion to Amend habeas petition and Motion for Stay of proceedings. (ECF No. 13, 14.) Petitioner appears *pro se*; Respondent is represented by Washington State Assistant Attorney General John Joseph Samson. The parties have not consented to proceed before a magistrate judge.

**A.   BACKGROUND**

Petitioner filed for habeas relief in federal court on July 23, 2010. He alleges three claims on the grounds of ineffective assistance of counsel in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 1.) On January 18, 2011, he filed a Motion to Amend his habeas petition, representing that on November 19, 2010, he filed a second personal restraint petition (PRP) with the Washington Supreme Court claiming due process violations arising from his trial being held in "a basement without procedural safeguards or determination that great prejudice

REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S
MOTION TO AMEND HABEAS PETITION WITH LEAVE TO RENEW,
WITHIN 60 DAYS, *INTER ALIA* - 1

ensured." (ECF No. 14, 15, 21 at 2.)  It appears the allegation relates to the judgment pertinent to his original Petition. However, specific facts are not alleged in his Motion to Amend, and Petitioner did not attach a proposed first amended petition to operate as a complete substitute for the present Petition.

Respondent opposes the Motion to Amend because (1) he has filed an Answer to the original Petition, (2) an amendment is barred by the federal statute of limitations, and (3) Petitioner has neither identified with specificity the new claim nor submitted a proposed amended petition. (ECF No. 19.)

**B.   LEAVE TO AMEND HABEAS PETITION** - **RULE 15 and AEDPA**

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his petition to correct deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  Under FED. R. CIV. P. (RULE) 15(a), the court has discretion to grant leave to amend a habeas petition "when justice so provides." *Lopez v. Smith*, 203 F.3d 1122, 1129-30 (9th Cir. 2000)(*quoting* RULE 15(a)).

Here, proceedings have not advanced to the point that an amended petition would unduly prejudice Respondent.  Construing Petitioner's Motion liberally and recognizing the court's policy of deciding cases on the merits, leave to amend may allow Petitioner to allege facts sufficient to state an additional claim.  However, unless an amended claim relates back to the date of the original Petition, it will be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act

REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S
MOTION TO AMEND HABEAS PETITION WITH LEAVE TO RENEW,
WITHIN 60 DAYS, *INTER ALIA* - 2

(AEDPA).[1]  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  The relation back doctrine in a habeas proceeding is stricter than RULE 15(c)(1): the new claim must be "tied to the same core of operative facts" as exhausted claims in the original petition.  *Id*.  The fact that the claims relate to the same trial or judgment is not enough.  *Id*.  In this case, the AEDPA statute of limitations expired on August 30, 2010.  Thus, Petitioner only can amend his habeas petition if the additional claim is: (1) fully exhausted, and (2) tied to the original petition by a common core of operative facts.  *Id*.

Factual allegations in Petitioner's Motion to Amend are insufficient to show courtroom practices during Plaintiff's trial were "inherently prejudicial."  *See Holbrook v. Flynn*, 475 U.S. 560 (1986); *Estelle v. Williams*, 425 U.S. 501 (1976); *Estes v. Texas*, 381 U.S. 532 (1965).  Further, Petitioner has filed neither a proposed amended petition alleging sufficient facts nor evidence that a new constitutional claim pertinent to this case is being exhausted in state court.

---

[1] A prisoner must seek federal habeas relief within one year after direct review concludes or the time for seeking such review expires.  28 U.S.C. § 2244(d)(1)(A).  The AEDPA provides a prisoner is entitled to tolling for the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2); *see also Artuz v. Bennett*, 531 U.S. 4, 5 (2000).  Petitioner has failed to provide the date he filed his second PRP or evidence that he is entitled to tolling of the statute of limitations.

REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S
MOTION TO AMEND HABEAS PETITION WITH LEAVE TO RENEW,
WITHIN 60 DAYS, *INTER ALIA* - 3

Nonetheless, in the interests of justice, **IT IS RECOMMENDED** Petitioner be permitted to refile a Motion for leave to amend, with a proposed first amended petition in the format described in Section C below, within 60 days of the order addressing this Report and Recommendation. The proposed first amended petition must include sufficient facts to establish federal subject-matter jurisdiction over the new claim, and establish that the new claim relates back to the original petition. *Mayle,* 545 U.S. at 664; *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980).

In addition, **IT IS RECOMMENDED** Petitioner be directed to file with his renewed Motion supporting documentation showing that the additional claim is exhausted or review is pending in the Washington State Supreme Court.

**C.   PROPOSED FIRST AMENDED PETITION - FORMAT**

**IT IS RECOMMENDED** Petitioner be directed as follows: Petitioner's proposed first amended petition should consist of a **short** and **plain** statement showing he is entitled to relief. Petitioner should allege with specificity how and on what grounds he challenged his sentence in the state courts. Petitioner must use a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254.

**THE FIRST AMENDED PETITION WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRESENT PETITION. IT MUST CONTAIN ALLEGATIONS TO SUPPORT ALL CLAIMS FOR RELIEF.** The First Amended Petition must be legibly rewritten or retyped in its entirety; it must be an original and not a copy; it may not incorporate any part of the original petition by reference;

and **IT MUST BE CLEARLY LABELED THE "PROPOSED FIRST AMENDED PETITION" and cause number CV-10-3046-CI must be written in the caption.** Accordingly,

**IT IS RECOMMENDED:**

1. Petitioner's Motion to Amend his habeas petition (**ECF No. 14**) be **DENIED WITH LEAVE TO RENEW.**

2. Petitioner be permitted to refile a **RENEWED MOTION FOR LEAVE TO AMEND** and a proposed **First Amended Petition** as directed above **within 60 days of the order addressing this Report and Recommendation.**

3. The District Court Executive be directed to furnish a the form **Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254** to Petitioner.

4. If a renewed Motion for Leave to Amend is filed, Petitioner be directed to file supporting evidence that amended constitutional claims are exhausted or pending in the Washington State Supreme Court.

5. Petitioner's Motion for Stay of Proceedings (**ECF No. 13**) be **DISMISSED with Leave to Renew** if and when a renewed Motion for Leave to Amend is filed.

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within **fourteen (14)** days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection

shall be filed within **fourteen (14)** days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72(b)(3); LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide copies to Petitioner and counsel for Respondent and the referring district judge.

DATED May 10, 2011.


                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S
MOTION TO AMEND HABEAS PETITION WITH LEAVE TO RENEW,
WITHIN 60 DAYS, *INTER ALIA* - 6