UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BOBBY JOE GATLIN,<br><br>      Petitioner,<br><br>v.<br><br>STEVE SINCLAIR,<br><br>      Respondent. | No. CV-10-3046-CI<br><br>REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S SECOND MOTION TO AMEND HABEAS PETITION WITH LEAVE TO RENEW |

BEFORE THE COURT on Report and Recommendation is Petitioner's second Motion to Amend Habeas Petition, Respondent's Response, and Petitioner's Objection to Respondent's "late filing."[1] (ECF. No. 25, 26, 28.) Petitioner appears *pro se*; Respondent is represented by Washington State Assistant Attorney General John Joseph Samson. The parties have not consented to proceed before a magistrate judge.

**A.   BACKGROUND**

Petitioner filed for habeas relief in federal court on July 23,

---

[1] The court has considered Petitioner's objection. (ECF No. 28.) The file indicates Respondent timely filed his response to Petitioner's Motion to Amend within five days after the Motion was re-filed under the above cause number and served on January 27, 2012. (ECF No. 24, 25, 26.) Under LR 7.1(e), an opposing party shall have at least 14 days after service to file a response to a non-dispositive motion and 21 days for dispositive motions. Therefore, Petitioner's objection is unfounded.

REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S SECOND
MOTION TO AMEND HABEAS PETITION WITH LEAVE TO RENEW - 1

2010, challenging his 2004 Yakima County jury conviction on the grounds of ineffective assistance of counsel in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 1.) Respondent timely filed a response in which he conceded the ineffective assistance of counsel claims were properly exhausted. (ECF No. 6 at 6.) On January 18, 2011, Petitioner filed a Motion to Amend his habeas petition to add claims of due process violations pertinent to his original Petition. (ECF No. 14, 20.) District Judge Edward F. Shea denied his Motion to Amend on May 31, 2011, with leave to renew within sixty days. (ECF No. 23.) Judge Shea ordered a renewed motion for leave to amend the original Petition must "be supported by a proposed first amended petition that identifies why the proposed additional claims are timely and exhausted," and be in the proper format. (*Id*.) Petitioner did not renew his motion within the specified deadline.

More than seven months later, on December 19, 2011, Petitioner filed in this court a successive Petition for Writ of Habeas Corpus, in which he challenged his 2004 Yakima County jury conviction on due process grounds. (Eastern District of Washington U.S. District Court Case Number CV-11-3124-JPH, ECF No. 1.) The court construed the second Petition as a Motion to Amend the Petition in the above-captioned matter, and ordered the successive Petition be filed as a second Motion to Amend in this case. (ECF No. 24.) Respondent responded on February 2, 2012, and the second Motion to Amend was set for hearing without oral argument.

**B.   DISCUSSION**

In Judge Shea's Order allowing Petitioner to renew his Motion to Amend the original Petition, the court gave specific instructions

to Petitioner on the contents and format of a renewed motion. (ECF No. 23.) Plaintiff failed to comply with the court's Order before the sixty-day deadline. Petitioner's effort to characterize his untimely filed second Motion to Amend as a successive petition is unsuccessful.

In this second Motion to Amend, Petitioner failed to file an amended petition, as directed, to replace entirely the original Petition which includes three fully exhausted ineffective assistance of counsel claims. (ECF No. 1; ECF No. 23 at 1-2.) As a result, if the court were to grant the second Motion to Amend, the exhausted ineffective assistance of counsel claims would not be incorporated into the First Amended Petition and, therefore, would not be considered by the court.

In addition, the new claim in the second Motion to Amend is time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA) unless the new claim relates back to the original Petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). The relation back doctrine in a habeas proceeding is stricter than FED. R. CIV. P. 15(c)(1): the new claim must be "tied to the same core of operative facts" as exhausted claims in the original petition. *Mayle*, 545 U.S. at 664. The fact that a new claim relates to the same trial or judgment is not enough. *Id*.

In this case, the AEDPA statute of limitations expired on August 30, 2010. (*See* ECF No. 22 at 3.) Plaintiff is attempting to add a new due process claim relating to alleged unfairness in the trial proceedings. This claim is not tied to the original claims of ineffective assistance of counsel by a common core of operative

REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S SECOND MOTION TO AMEND HABEAS PETITION WITH LEAVE TO RENEW - 3

facts; therefore, the due process claim does not relate back and is time-barred by AEDPA. *Id.*

Finally, Petitioner's new claim is procedurally barred under state law and federal law. RCW 10.73.090(1). Plaintiff's attempt to exhaust his due process claim in state court was unsuccessful because he filed his personal restraint petition more than a year after his judgment and sentence became final. The Washington Supreme Court denied his second Petition for Review, finding expressly that the due process claim was time-barred under state law and no exemptions under RCW 10.73.100 applied. (ECF No. 25 at 43-44.) *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Granting Petitioner's second Motion to Amend his original habeas Petition to include a time-barred claim and preclude federal review of Petitioner's properly exhausted claims would not serve the interests of justice or the "vital interest" served by federal procedural rules. Accordingly, **IT IS RECOMMENDED** Petitioner's second Motion to Amend Habeas Petition (**ECF No. 25**) be **DENIED.**

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within **fourteen (14)** days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within **fourteen (14)** days after receipt of the objection. Attention is directed to Fed. R. Civ. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a de novo determination of those

REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S SECOND MOTION TO AMEND HABEAS PETITION WITH LEAVE TO RENEW - 4

portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72(b)(3); LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide copies to Petitioner, counsel for Respondent and District Judge Edward Shea.

DATED April 20, 2012.

                S/ CYNTHIA IMBROGNO
            UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S SECOND MOTION TO AMEND HABEAS PETITION WITH LEAVE TO RENEW - 5