UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BOBBY JOE GATLIN,<br><br>        Petitioner,<br><br>  vs.<br><br>STEVE SINCLAIR,<br><br>        Respondent. | NO. CV-10-3046-CI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION RE: DENYING PETITIONER'S SECOND MOTION TO AMEND HABEAS PETITION WITH LEAVE TO RENEW** |

    On April 20, 2012, Magistrate Judge Cynthia Imbrogno filed a Report and Recommendation, ECF No. 29, recommending that Petitioner Bobby Joe Gatlin's second motion to amend his habeas petition, ECF No. 25, be denied because the only asserted habeas claim is time barred and is procedurally barred. Mr. Gatlin objected to the Report and Recommendation, ECF No. 30, to which Respondent Stephen Sinclair responded, ECF No. 31. After reviewing the record and relevant authority, the Court is fully informed and adopts the Report and Recommendation.

    The Court agrees that it is futile to allow Mr. Gatlin to amend his initial petition, ECF No. 1, with the proposed petition, ECF No. 25. The proposed petition does not include the previously-asserted timely and exhausted three habeas claims but rather only includes one habeas claim asserting ineffective assistance of counsel (IAC). This proposed

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

habeas IAC claim is untimely and is procedurally barred.  Accordingly, the Court adopts the Magistrate Judge's recommendation and denies Mr. Gatlin leave to amend his petition.

    Mr. Gatlin expressed his concern that he was unable to timely file his motion to amend his petition given the happenings at the state penitentiary.  The Court, however, is not denying him leave to amend his habeas petition because the motion to amend was untimely.  The Court is denying leave to amend his habeas petition because the proposed habeas petition fails to include the three previously asserted habeas claims (which the Court understands that Mr. Gatlin still seeks to pursue) and the only included habeas claim is untimely and procedurally barred.  The Court is concerned that Mr. Gatlin is unaware that the amended petition must contain ALL of his alleged habeas claims.  If Mr. Gatlin seeks leave to amend his petition again, he is to ensure that he files: 1) a motion for leave to amend, 2) a memorandum in support of that motion, identifying why the claims are timely and exhausted, 3) a notice of hearing, and 4) a copy of the proposed amended petition which a) is contained on the provided Petition for Writ of Habeas Corpus by a Person in State Custody form with its heading modified to add "First Amended," b) must be legible, c) must contain ALL of the pursued habeas claims, and d) utilizes case number CV-10-3046-CI.

    Accordingly, **IT IS HEREBY ORDERED**:

    1.   The Court **ADOPTS** the Report and Recommendation, **ECF No. 29**, in its entirety.

    2.   Petitioner's second motion to amend his habeas petition, **ECF No. 25**, is **DENIED** with leave to renew.

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

3. Petitioner is cautioned that if a motion for leave to amend (and other required documents) is not received by **August 31, 2012**, then the Magistrate Judge will review the initial petition, ECF Nos. 1 & 2.

**IT IS SO ORDERED.** The District Court Executive shall 1) forward copies of this Order to the Petitioner and counsel for Respondent, 2) furnish a form <u>Petition for Writ of Habeas Corpus by a Person in State Custody under 20 U.S.C. § 2254</u> to Petitioner, and 3) Magistrate Judge Imbrogno.

**DATED** this ___5th___ day of June 2012.

                      S/ Edward F. Shea
                        EDWARD F. SHEA
                United States District Judge

Q:\Civil\2010\3046.adopt.RR.amd.pet.lc1.wpd